ARTHUR ROSENTHAL, Respondent, *v.* CONDITIONAL PURCHASE CO., INC., Appellant.

First Department, February 13, 1973.

376

*Arthur S. Friedman* and *Michael J. Golden* of counsel (*Tanner & Friedman,* attorneys), for appellant.

*Morris Dershowitz* of counsel (*Salon, Ortner, Yavers, Dershowitz & Raybin,* attorneys), for respondent.

*Per Curiam.* In this action on a bond it sufficiently appears that the bond which serves as the basis for the judgment was registered in the name of Murray Druce (deceased at the time this action was commenced), president of appellant. In 1964 Druce and Mandell borrowed $15,000 from Amsterdam Overseas Corporation (AOC) to which, on July 23, 1964, Druce pledged and assigned the bond (hereinafter referred to as A3) as security. A demand note, also dated July 23, 1964, was signed by Druce and a co-obligor, Irving Mandell, to AOC in the amount of $15,000.

Druce died June 30, 1966. August 9, 1966 AOC requested defendant to make all interest payments on A3 directly to it. AOC was notified that interest payments were to be made only to the registered holder of A3, which remained Murray Druce. By letter dated August 17, 1966, AOC delivered bond A3 to defendant's attorney for the purpose of having it transferred to the name of AOC. Instead of doing so, defendant on August 30, 1966 issued Debenture Bond A10 as a replacement for A3.

On or about May 16, 1957, in a prior dealing with AOC, Mandell and Druce executed a guarantee and collateral agreement to induce AOC to extend credit to Amco Financial Corporation (AMCO). On or about March 28, 1957, one Isidore Yavers executed a similar agreement for a like purpose. In each instance the guarantee was collateralized by security interests. Both obligations, apparently, were still outstanding in August, 1968.

By letter dated August 15, 1968, the estate of Murray Druce notified AOC that AOC was about to be repaid the outstanding balance due from Amco, and upon such payment AOC was authorized to turn over any and all collateral belonging to the estate or to Amco to Isidore Yavers. Yavers paid off the obligation of Amco in August, 1968.

Earlier, in March, 1968, AOC had executed a power purporting to transfer A10 to plaintiff. Plaintiff sued Conditional solely upon A10, the subordinated debenture of August 30, 1966, and moved for summary judgment thereon. The motion was denied and the cross motion for judgment of cancellation was granted. The court noted that A10 was incomplete on its face and held that A10 was ineffective to create a corporate obligation under the corporate by-laws. No appeal was taken from the judgment.

By an instrument dated December 5, 1969, AOC purported to transfer to plaintiff A3, the bond in suit, " originally in the name of Murray Druce and assigned by him to the undersigned on July 23, 1964." Language dealing with registration of the bond was stricken from such instrument.

In 1967, when or after new owners acquired control of Conditional, an institutional lender, Phareb Associates Company, loaned money to Conditional. Such advances were still outstanding at the time of suit and might have constituted a senior indebtedness. However, that point is not clearly established. What is clear is that by an instrument dated April 6, 1967, Lilian Druce and the estate of Murray Druce executed a release to Conditional " in full satisfaction of all claims which the undersigned, or either of them, may have against Conditional Purchase Co., Inc. " The release also gave up all right, title or interest in any of the common or preferred stock of Conditional. This release necessarily included any interest in A3.

It thus appears that in 1969 when AOC purported to transfer A3 to plaintiff it had nothing to transfer. A3 had been canceled and was never reissued or revived, nor does there seem to have been any demand or request for its reissuance. Plaintiff as the assignee or transferee of AOC had no better title or interest than AOC. Moreover, plaintiff was never in possession of A3, the bond was never registered in his name, and the obligations of Amco, secured by A3, had been cleared in 1968. By its terms A3 was payable to the registered holder. Neither plaintiff nor Yavers, at whose direction AOC purported to make the transfer, was ever the registered holder of A3.

No interest was ever paid on A3, and such default would have entitled the registered holder to declare the face sum due and payable (Uniform Commercial Code, § 8–207, subd. [1]). Such a right never existed for Yavers or for the plaintiff.

As indicated earlier, the release by Lilian Druce and the estate of Murray Druce included any claim to or interest in A3. By virtue of such release, Conditional acquired whatever interest Druce had in the bond. When Amco's debts to AOC were paid,

AOC was out of the picture. It must be remembered that Druce and not Amco posted A3 as collateral with AOC. Nor were Yavers and Druce coguarantors. Each appeared on different guarantees for different debts of Amco. Yavers had no right of contribution from Druce (38 C.J.S., Guaranty, § 115) and had no right to A3.

Accordingly, the judgment entered May 12, 1972 in New York County (SULLIVAN, J.) herein appealed from should be reversed on the law and the facts and the complaint dismissed, with costs and disbursements to appellant.

STEVENS, P. J., McGIVERN, MARKEWICH, MURPHY and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on May 12, 1972, unanimously reversed, on the law and the facts, and vacated, and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal.